UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES SEVENICH,                    )    No. 05-CV-0152-AAM
                                   )
          Plaintiff,               )    ORDER DENYING PLAINTIFF'S
                                   )    MOTION FOR SUMMARY JUDGMENT
v.                                 )    AND GRANTING DEFENDANT'S
                                   )    MOTION FOR SUMMARY JUDGMENT,
JO ANNE B. BARNHART,               )    *INTER ALIA*
Commissioner of Social             )
Security,                          )
                                   )
          Defendant.               )

BEFORE THE COURT are cross motions for Summary Judgment. (Ct. Rec. 4, 16). Attorney Maureen Rosette represents the Plaintiff; Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney Johanna Vanderlee represent the Defendant. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's motion for summary judgment.

## I.    JURISDICTION

James Sevenich (Plaintiff) filed for Disability Insurance Benefits on August 6, 2002, and Supplemental Security Income on June 28, 2002. (Tr. 109, 274.) He alleged disability due to brachial plexus injury to his right upper extremity, arthritis in his left shoulder and neck pain, with an onset date of June 30, 2000. (Tr. 137.) His application was denied initially and upon reconsideration. (Tr. 48, 54.) He timely requested a hearing

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

before an administrative law judge (ALJ), the first of which was held on January 15, 2004.  (Tr. 286-96.)  A second hearing was held on April 27, 2004.  (Tr. 297-338.)  ALJ R.J. Payne denied his application, and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (Tr. 6.)  The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.  SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

> *Step 1*:  Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he is, benefits are denied.  If he is not, the decision maker proceeds to step two.

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

*Step 2*:  Does the claimant have a medically severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

*Step 3*:  Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

*Step 4*:  Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity assessment is considered.  If the claimant is able to perform his previous work, he is not disabled.  If the claimant cannot perform his previous work, then the evaluation proceeds to the fifth and final step.

*Step 5*:  Is the claimant able to perform other work in the national economy in view of his age, education, work experience and residual functional capacity?  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

1

2                      III.   STANDARD OF REVIEW

3      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001)

4  the court set out the standard of review:

5          A district court's order upholding the Commissioner's
       denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
6      211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
       Commissioner may be reversed only if it is not supported
7      by substantial evidence or if it is based on legal error.
       *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
8      Substantial evidence is defined as being more than a mere
       scintilla, but less than a preponderance. *Id.* at 1098. Put
9      another way, substantial evidence is such relevant
       evidence as a reasonable mind might accept as adequate to
10     support a conclusion. *Richardson v. Perales*, 402 U.S.
       389, 401, 91 S.Ct. 1420 (1971). If the evidence is
11     susceptible to more than one rational interpretation, the
       court may not substitute its judgment for that of the
12     Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v.
       Commissioner of Social. Sec. Admin.*, 169 F.3d 595, 599
13     (9th Cir. 1999).
           The ALJ is responsible for determining credibility,
14     resolving conflicts in medical testimony, and resolving
       ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
15     Cir. 1995). The ALJ's determinations of law are reviewed
       *de novo*, although deference is owed to a reasonable
16     construction of the applicable statutes. *McNatt v. Apfel*,
       201 F.3d 1084, 1087 (9th Cir. 2000).
17
                    IV.   STATEMENT OF THE CASE
18
19     Detailed facts of the case are set forth in the transcript of

20  proceedings and the ALJ's decision and are briefly summarized

21  here.  Plaintiff was 35 years old at the time of the ALJ hearing.

22  (Tr. 301.)  He has worked as a custodian, a commerical fisherman,

23  a sawyer, and a pressman helper.  (Tr. 306-08.) Plaintiff was not

24  married and had no children. (Tr. 302.)  He was injured in a motor

25  vehicle accident when he was 23 years old, and suffered a brachial

26  plexus injury. (Tr. 169-70.)  This injury caused major loss of

27  function in his right upper extremity.  (Tr. 222.)  Since the

28  vehicle accident, he has attended college and earned his

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

bachelor's degree in business administration.  (Tr. 303-04.)
Plaintiff testifed that he could not use his right hand, but could
write with his left hand at approximately 25 per cent of the speed
of his former right hand.  (Tr. 302.)  He stated he could not lift
more than 20 pounds with his left hand.  (Tr. 315.)  He had no
problems standing or walking, and could sit only three hours at a
time, due to intermittent neck pain.  (Tr. 315.)  He took no
prescription or over-the-counter medication for the pain.  (Tr.
314.)  He testified he lived alone in an apartment, attended AA
meetings every day, used the computer a couple hours each day, and
took care of his activities of daily living.  (Tr. 323-27.)  He
enjoyed fishing, and he socialized with his family weekly. (Tr.
325, 327.)

Medical expert James M. Haynes, M.D. and vocational expert
Tom Moreland also testified at the hearings.

## V.  ADMINISTRATIVE DECISION

ALJ Payne applied the five-step sequential evaluation process
for determining whether Plaintiff is disabled.  At step one, he
found Plaintiff had not engaged in substantial gainful activity
since the alleged onset date; at step two he found Plaintiff had
the severe physical impairment of right uppper extremity brachial
plexus palsy.  At step three, he found the impairment did not meet
or equal the requirements of a listed impairment.  (Tr. 27.)  The
ALJ found Plaintiff's testimony regarding his limitations was not
totally credible for reasons discussed in his decision.  (Id.)  At
step four, he determined Plaintiff retained the ability to perform
a wide range of light work that involves occasional lifting of 20
pounds and frequent lifting 10 pounds, with no standing or walking

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

limitations; however, severe paralysis of the right upper
extremity precluded pushing and pulling with that extremity, and
climbing ladders, ropes or scaffolds.  Plaintiff was also
restricted in reaching, handling, fingering and feeling with his
right upper extremity.  (Tr. 25.)  The ALJ found at step four that
Plaintiff could not perform his past relevant work and proceeded
to step five.  (Tr. 26.)  Based in part on the testimony of
vocational expert Tom Moreland, ALJ Payne determined Plaintiff was
able to perform other light and sedentary level jobs in the
national economy such as usher, parking lot attendant, and charge
account clerk.  (Id.)  Thus, Plaintiff was found not "disabled,"
as defined in the Social Security Act, at any time through the
date of the ALJ's decision.  (Tr. 27.)

**VI. ISSUES**

        The question presented is whether the ALJ's decision is
supported by substantial evidence and is free of legal error.
Plaintiff contends the ALJ erred when he: (1) relied upon the
medical expert's testimony; (2) assessed Plaintiff's credibility;
(3) rejected an examining psychologist's opinions; and (4)
assessed Plaintiff's residual functional capacity (RFC).  (Ct.
Rec. 14 at 10).

**VII.  DISCUSSION**

A.    Evaluation of Medical Evidence.

        Plaintiff first argues that the ALJ's reliance on the
opinions of the medical expert, Dr. Haynes, in determining
Plaintiff could still do light work was error.  (Ct.  Rec. 14 at
10).  In social security proceedings, the ALJ is responsible for
resolving ambiguities and conflicts in the medical record, if any.

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6

*Batson v. Barnhart*, 359 F.3d 1190, 1195 (9th Cir. 2004 ), *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The analysis and opinion of a medical expert selected by an ALJ may be helpful in his adjudication, and the court should not second guess the ALJ's resolution of conflicting medical testimony. *Andrews,* 53 F.3d at 1041 (*citing Magallanes v. Bowen,* 881 F.2nd 747, 753 (9th Cir. 1989)). The testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.* If supported by substantial evidence, the ALJ's findings must be upheld, even where the evidence is susceptible to more than one rational interpretation. *Andrews,* 53 F.3d at 1039-40.

Here, medical records show that Plaintiff's physicians consistently opined that Plaintiff's right hand was severely impaired by the brachial plexus injury in 1992, but Plaintiff retained the ability to perform light or sedentary work using his left arm and hand. In August 1998, Plaintiff was examined by Lisa Kuhar, M.D., who determined Plaintiff could lift and carry with his left hand only, could sit, stand and move without difficulty and could work eight hours a day, five days a week at moderate duty that did not involve use of his right hand. (Tr. 210.) In November 2000, Plaintiff's physical therapist observed Plaintiff was unable to use his right hand, but he could perform well with his left hand. (Tr. 217-18.) In February 2002, Charles E. Brondos, M.D. with a speciality in neurology, found Plaintiff's right upper arm, forearm and hand were markedly limited. He also found movement and coordination on Plaintiff's left side were normal, with moderate limitations on his left arm due to shoulder

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

1    pain.  Dr.  Brondos concluded that Plaintiff could do light work

2    with his left hand. (Tr. 222-25.)  In August 2002, Dr. Robert Rose

3    examined Plaintiff and noted moderate muscle atrophy in the right

4    arm with compromised motor functioning.  Plaintiff could do his

5    own cooking, shopping and cleaning, and was not taking medication

6    for his left shoulder discomfort.  (Tr. 227-29.)  Charles Wolfe,

7    M.D., non-examining agency physician, completed a physical

8    residual functioning capacity (RFC) assessment in October 2002,

9    after a review of Plaintiff's records.  He determined Plaintiff

10   could perform light work with his left arm.  (Tr. 233-238.)

11       At the hearing, Dr. Haynes, who also had reviewed Plaintiff's

12   medical records, opined that due to Plaintiff's right arm

13   paralysis, he was limited to one-armed jobs of a light level, but

14   had no limitations on standing, walking or sitting.  Plaintiff

15   could lift 20 pounds occasionally and 10 pounds frequently with

16   the left arm and hand. [1]  His severe paralysis of the right upper

17   extremity precluded pushing and pulling with his right upper

18   extremity, and he should never climb ladders, ropes and scaffolds.

19   Dr. Haynes testified Plaintiff should avoid reaching, handling,

20   fingering and feeling with his right upper extremity, but these

21   activities would be unlimited for his left side.  (Tr. 290-93.)

22   Dr. Haynes' opinions are consistent with the opinions of Drs.

23   Kuhar, Brondos, Rose and Wolfe, discussed above, which were

24   summarized thoroughly and accepted by the ALJ in his decision.

25   (Tr. 19-24.)  Consequently, Dr. Haynes' opinions are considered

26   _____

27        [1]  This is consistent with Plaintiff's testimony in which he
     stated he could lift 10 pounds on a repetitive basis and 20 pounds
28   "not a lot."  (Tr. 315-16.)

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

1  substantial evidence.  *Andrews,* 53 F.3d at 1041.  The ALJ did not
2  err in adopting Dr. Haynes' assessment in his RFC findings.  (Tr.
3  25.)

4      The ALJ also found Plaintiff's RFC included the non-
5  exertional limitations of "mild to moderate, occasional to
6  frequent pain," treated effectively with over-the-counter
7  medication.  He found Plaintiff was "reasonably attentive and
8  responsive in a work setting" and "able to carry out normal work
9  assignments satisfactorily." (Tr. 25.)  Plaintiff asserts the ALJ
10 erred when he improperly rejected opinions regarding mental
11 limitations assessed by examining psychologist, Dennis R. Pollack,
12 Ph.D.  Plaintiff argues that due to this error, the RFC and the
13 hypothetical presented to the vocational expert were not supported
14 by substantial evidence.  (Ct.  Rec. 14 at 14).

15     Dr. Pollack administered objective psychological testing and
16 conducted a clinical interview in January and February 2004. (Tr.
17 264-72.)  He diagnosed anxiety disorder, NOS and personality
18 disorder with schizoid and avoidant features.  (Tr. 268.)  In his
19 narrative summary of the interview, however, he observed
20 Plaintiff's thinking was "logical and progressive," and there was
21 no indication of hallucinations or delusions.  He reported "no
22 unusual anxiety symptoms were reported."  Plaintiff told Dr.
23 Pollack that he was not taking any medication at the time, he
24 visited friends or relatives daily, took care of his own daily
25 chores, and attended Alcoholics Anonymous daily.  (Tr. 264-66.)

26     In his Medical Source Statement, Dr. Pollack indicated
27 Plaintiff had "marked" limitations in his ability to "complete a
28 normal workday and workweek without interruptions from

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9

psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 270.) The ALJ rejected these limitations as unsupported by the record. (Tr. 23.) Plaintiff asserts this was error because the ALJ did not give adequate reasons for discounting an uncontradicted examining psychologist's opinion. (Ct. Rec. 14 at 14).

In rejecting an uncontradicted medical opinion, the Commissioner must provide "clear and convincing" reasons. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995) (*citation omitted*). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). The more consistent an opinion is with the record as a whole, the more weight is given to that opinion. 20 C.F.R. § 404.1527(d)(4). The ALJ does not need to accept the opinion of any medical source if it is conclusory, brief or unsupported by findings. *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Contrary to Plaintiff's assertion, Dr. Pollack's opinions are

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 10

not uncontradicted.  In July 1998, psychiatrist Mohammad Khan, M.D. examined Plaintiff and diagnosed alcohol dependence, in partial remission and post traumatic stress disorder, moderate. (Tr. 216.)  He noted Plaintiff was attending college and was close to finishing his degree.  He also stated Plaintiff was not depressed and did not exhibit Axis II symptoms.  (Id.)  In any case, as discussed below, the ALJ cited "clear and convincing" reasons for discounting Dr. Pollack's assessment of limitations.

In his discussion of Dr. Pollack's findings, the ALJ specifically noted that results from personality testing administered by Dr. Pollack were invalid due to Plaintiff's "elevated fake bad score" and exaggeration of symptoms.  The ALJ found "no conclusion can be made about [claimant's] personality." (Tr. 23.)  The record confirms that Dr. Pollack reported that Plaintiff's dramatically elevated scores made the personality testing invalid.  (Tr. 267.)  Other specific reasons given by the ALJ for rejecting Dr. Pollack's limitations were: Dr. Pollack saw Plaintiff only one time and did not report any observed mental deficits; the limitations assessed were not consistent with Plaintiff's self-reported daily activities; and, contrary to the "marked" limitations assessed, Plaintiff was able to use the computer, visit with friends and family, and attend and concentrate on college level studies to obtain his Bachelor's Degree.  (Tr. 23.)  The ALJ also cited Plaintiff's lack of professional mental health treatment and/or medication as reasons for rejecting Dr. Pollack's opinions, as well as the fact that Plaintiff had not alleged mental conditions as a basis for disability.  (Id.)  These are "clear and convincing" reasons,

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

supported by the documented record and by Plaintiff's testimony at
the hearing. [2]

     For example, Plaintiff testified that he lived alone, did his
own cleaning, laundry, cooking and dishwashing, and used public
transportation to attend AA meetings daily.  He visited with his
father regularly for meals.  He testified he enjoyed bank fishing
and was able to unhook fish using his foot and left hand.  (Tr.
322-28.)  He stated he took over-the-counter medication sparingly
for any discomfort, and took no prescription drugs.  (Tr. 259.)
He also reported to Dr. Pollack that he could operate an adding
machine, typewriter and computer, and spent time creating WEB
pages and surfing the internet.  (Tr. 266.)  Significantly, during
the time period at issue, Plaintiff was able to attend college,
work part time as a custodian, complete the bachelor's program and
earn a degree in business administration and information systems.
(Tr. 303-04, 306.)

     The record in its entirety supports the ALJ's evaluation and
interpretation of the medical evidence, as well as his reliance on
Dr. Haynes' testimony regarding physical restrictions.  Further,
the ALJ gave adequate reasons for rejecting the mental limitations
assessed by Dr. Pollack.  *See e.g., Matthews v. Shalala*, 10 F.3d
678, 680 (9th Cir. 1993)(ability to attend school regularly
inconsistent with alleged inability to perform all work).

---

     [2]  Plaintiff argues that his testimony supports Dr. Pollack's
assessment of "marked" limitations in his ability to complete a
normal workday due to psychologically based symptoms, because he
stated he is "only able to use his left hand at 25 per cent of the
speed he formerly had in [his] right hand."  (Ct.  Rec. 14 at 14).
However, this is a physical limitation and, thus, not relevant in
the assessment of mental functional capacity.

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

B.    <u>Symptom Testimony and Credibility</u>

Plaintiff contends the ALJ improperly rejected his testimony regarding pain and inability to work; therefore, he argues, this testimony should be credited and those symptoms should have been incorporated in the ALJ's hypothetical question at step five. (Ct. Rec. 14 at 13).

An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A). This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce <u>some</u> pain; many medical conditions produce pain not severe enough to preclude gainful employment. *Fair*, 885 F.2d at 603. Nonetheless, an adjudicator "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms. *Reddick*, 157 F.3d at 722.

The ALJ may consider the following factors when weighing the claimant's credibility: his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and

effect of the symptoms of which he complains. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing.  *See Morgan*, 169 F.3d at 600.

Here, the ALJ found Plaintiff's allegation regarding his symptoms were not totally credible.  (Tr. 27.)  However, consistent with Plaintiff's testimony that he experienced pain in his left shoulder and neck, the ALJ found a non-exertional limitation of mild to moderate pain.  (Tr. 25.)  He specifically found that despite Plaintiff's complaints of allegedly disabling symptoms, he was taking no medication for the pain.  (Tr. 25.) *See Social Security Ruling (SSR 96-7)* (where level of treatment for alleged impairment/symptom is inconsistent with level of complaint, credibility may be impugned absent explanation of inconsistency).  The record indicates Plaintiff stated he avoids pain medication that would affect his liver, but did not take alternative pain-killers.  Rather, he tolerated the pain.  (Tr. 314.)

The ALJ articulated other "clear and convincing" reasons for discounting Plaintiff's complaints.  For example, he found that Plaintiff's reported daily activities were not consistent with his complaints of disabling limitations; that objective personality test results indicated exaggeration of symptoms, and that Plaintiff's ability to complete a college education during the relevant time period and work as a custodian while in college, was inconsistent with Plaintiff's reported difficulties.  (Tr. 23-24.)

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14

As discussed above, these findings are supported by the record.
Since the record in its entirety supports the ALJ's credibility
finding, his RFC and the hypothetical propounded to the vocational
expert, Plaintiff's argument that the ALJ's hypothetical question
was incomplete is without merit. *See Magallanes,* 881 F.2d at 756-
57 (ALJ is not bound to accept as true all limitations propounded
by claimant's counsel; rather, hypothetical questions posed to the
vocational expert must include claimant's limitations and
restrictions supported by the record); *see also* Tr. 332-33.

### VIII.   CONCLUSION

    The ALJ did not err in his evaluation of Plaintiff's medical
records and adoption of the medical expert's assessment.   Dr.
Haynes' assessment, which is consistent with the other medical
opinions of record, is substantial evidence.   The ALJ's
credibility finding and residual functional capacity determination
are supported by substantial evidence in the entire record.
Having proceeded to step five of the sequential evaluation, the
ALJ's hypothetical question was proper, and he did not err in
finding Plaintiff not "disabled" as defined by the Social Security
Act.   Accordingly,

**IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 4** ) is
**DENIED.**

    2. Defendant's Motion for Summary Judgment (**Ct. Rec. 16** ) is
**GRANTED.**

    3. Judgment for the **DEFENDANT** shall be entered. The District

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 15

Court Executive is directed to enter this Order, forward copies to
counsel, and close this file.

**DATED** this 3rd day of February 2006.

                                        s/ Alan A. McDonald
                                      ALAN A. McDONALD
                                   SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 16